UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 11-CV-5283 |
| THE VILLAGE OF FLOSSMOOR | ) |
| POLICE DEPARTMENT and | ) Judge John W. Darrah |
| VILLAGE OF FLOSSMOOR, | ) |
| ILLINOIS, | ) |
| | ) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Village of Flossmoor and Defendant Flossmoor Police Department's Motion to Dismiss. Defendants seek to dismiss Plaintiff Larry Hall's claims against the Village of Flossmoor Police Department and Plaintiff's punitive damage claims pursuant to Fed. R. Civ. P. 12(b)(6).[1] Based on the discussion below, Defendants' Motion to Dismiss is granted.

## BACKGROUND

Plaintiff, a former employee of the Defendants, filed a Complaint against Defendants on August 3, 2011, alleging employment discrimination on the basis of Plaintiff's race. In his Complaint, Plaintiff alleges four counts against Defendants:

---

[1] Defendants allege they filed their Motion to Dismiss pursuant to Federal Rule 12(b)(2) in their Motion; however, they allege, in their Supporting Memorandum, they seek to dismiss the claims pursuant to Federal Rule 12(b)(6). For purposes of this opinion, the Court will rule on Defendants' Motion as a Motion to Dismiss for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

(1) violation of Title VII (42 U.S.C. § 2000(e)) by terminating Plaintiff on the basis of his race; (2) violation of Title VII (42 U.S.C. § 2000(e)) by failing to promote Plaintiff on the basis of his race; (3) violation of 42 U.S.C. § 1983 by discriminating against Plaintiff on the basis of his race; and (4) violation of 42 U.S.C. § 1981 by discriminating against Plaintiff on the basis of his race. Defendants deny Plaintiff's claims, instead arguing the basis of Plaintiff's termination was his having sexual relations with a woman in his squad car on two occasions while on duty and for being untruthful during the related investigation.

Defendants move to dismiss Plaintiff's claims against the Village of Flossmoor Police Department with prejudice on the basis that the Police Department is not an entity with the capacity to be sued under Fed. R. Civ. P. 17(b). Defendants also move to dismiss Plaintiff's punitive damage claims, arguing municipalities are immune from punitive damages under 42 U.S.C. § 1981a(b)(1).

Plaintiff failed to file a response to Defendants' Motion. The Court does not have an obligation to make the Plaintiff's arguments for him. *See United States v. Smith*, 26 F.3d 739, 743 (7th Cir. 1994). Because the instant Motion is unopposed, Defendants' Motion is granted, and Plaintiff's claims against the Flossmoor Police Department and claims of punitive damages are dismissed with prejudice. *See Hefley v. Davis*, No. 08 CV 172, 2008 WL 5114647, at *2 (N.D. Ill. Dec. 2, 2008). However, even if Defendants' Motion was considered on the merits, Defendants' Motion would be granted.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. The Federal Rules further provide that a defendant may assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* at 570).

## ANALYSIS

### *Defendant Village of Flossmoor Police Department*

Defendants argue Defendant Village of Flossmoor Police Department must be dismissed from this suit because it is not an entity able to be sued. Federal Rule of Civil Procedure 17(b) requires a defendant in a lawsuit to possess the legal capacity to be sued, and this capacity is determined by the law of the state where the court is located when the party is neither an individual nor a corporation. Illinois law provides, "[a] party to litigation must have a legal existence, either natural or artificial, to sue or be sued." *Jackson v. Village of Rosemont*, 180 Ill. App. 3d 932, 937 (1st Dist. 1988). Police

departments are departments of the municipalities they serve; they do not have distinct legal existences under Illinois law. *See id.* Therefore, the Village of Flossmoor Police Department does not have a legal existence and, accordingly, is not a suable entity. *Dunmars v. City of Chicago*, 22 F.Supp.2d 777, 780 (N.D. Ill. 1998) (ruling "to the extent that [Plaintiff] attempts to direct any claims against the Police Department, those claims [are] dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Police Department is not a suable entity"). The Village of Flossmoor Police Department is not a party with the capacity to be sued; Plaintiff's claims against the Village of Flossmoor Police Department are dismissed with prejudice.

*Plaintiff's Punitive Damages*

Plaintiff seeks to recover both compensatory and punitive damages pursuant to his Section 1981 claim. Defendants argue Plaintiff may not recover punitive damages and cite directly from the statute, which provides:

> A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1) (emphasis added). The statute Plaintiff seeks recovery under expressly prohibits the recovery of punitive damages from a government or government agency. The remaining Defendant in this suit, the Village of Flossmoor, is a municipality immune from punitive damages under Section 1981. Municipalities are immune from punitive damages under the law. *See Hispanics United of Dupage County v. Village of Addison, Illinois*, 958 F.Supp. 1320, 1331 (N.D. Ill. 1997) (citing *City of Newport v. Fact*

*Concepts, Inc.*, 453 U.S. 247 (1981)). A municipality is immune from punitive damages unless immunity has been waived, and Illinois has not waived immunity for its local governments. *McCraven v. City of Chicago*, 18 F.Supp.2d 877, 881, n. 2 (N.D. Ill. 1998) (citing 745 ILCS 10/2-102).

The inability to recover punitive damages from a municipality in a civil rights action in Illinois is a well-established principle. Thus, Defendants' Motion to Dismiss Plaintiff's claims for punitive damages under 42 U.S.C. § 1981 is granted; Plaintiff's claims for punitive damages are dismissed with prejudice.

## CONCLUSION

Based on the foregoing analysis, and by virtue of the fact that it has gone unopposed, Defendants' Motion to Dismiss Plaintiff's claims against the Village of Flossmoor Police Department and Plaintiff's claims for punitive damages are dismissed with prejudice.

Date February 1, 2012

JOHN W. DARRAH
United States District Court Judge